Mr. Justice Richardson
delivered the opinion of the sourt.
The question submitted to the court is, whether undet the act of 1803, to authorize office copies of grants to be given in evidence, the copy of the grint and plat, must be respectively certified by the secretary and surveyor-general, or may such certificate be given' as in the case before' us, by and in the name of their respective deputies ? The act declares that “ it shall be lawful, ¡kc. to produce in evidence a copy, certified by the secretary of state and surveyor-general, of any grant and plat,” &c.
To determine whether the words “ secretary and surveyor-general,” may include their deputies, we must turn to the constitution erecting their offices, which declares (sec. 2, art. 10,) “ that the secretary of state and surveyor-general, shall hold their offices both in Columbia and Charleston. They shall reside at one place and their deputies at the other.” '
Here we find a deputy secretary and surveyor-general,' expressly recognized and required; to reside,- the principal at one office, and his deputy at another. For what purpose ? Assuredly to do the' business of his particular office. The deputy is as plainly noticed as the principal, and regarded as an officer doing the duties'of his office at Charleston or Columbia.
Where the act uses the words w secretary and surveyor-general,” these words must be taken in their comprehensive sense, i. e. to mean the deputy as well as the principal; otherwise they would not embrace acts to be done at both offices, but those only, where the principal secretary resided. The act is a,remedial one, and the object in view is to be regarded. This was to permit office copies of *537 grants to be given in evidence,'whether the originals or re-. cords were kept at Charleston by the deputy secretary, or at Columbia by his principal.
McDuffie, for the motion,
-, contra.
To confine the word secretary, in such a case to its most restricted import, would, in my judgment, be little less than confining it to the secretary in office, at the time of passing the iaw¿
The practice too, has been in conformity to the construction here adopted.
The motion is therefore granted.
Justices Nott, linger, Gantt and Johnson, concurred.